UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUIZINSIGHT.COM PARTNERSHIP, *et al.*,

    *Plaintiffs.*

  v.

ROSS LEE TABAK,

    *Defendant.*

No. 18-cv-01878 (DLF)

**ORDER**

    This case is about several failed business relationships between plaintiffs Roy Feinson and multiple partnerships and defendant Ross Lee Tabak. Before the Court is the defendant's Motion to Dismiss, Dkt. 146, and the plaintiffs' Motion for Sanctions, Dkt. 151. For the reasons that follow, the Court will deny both motions.

    The Court will assume the parties' familiarity with the factual proceedings, procedural history, and legal standards as outlined in the Courts' previous orders. *See* Mem. Op. at 1–4, Dkt. 16; Order at 2–3, Dkt. 59, Minute Order of September 2, 2022.

    **A.**    **Motion to Dismiss**

    Tabak argues that the plaintiffs have not adequately alleged a violation of the Defense of Trade Secrets Act (Count I); Copyright Infringement (Count IV), Tortious Interference with Economic Advantage (Count V); and Conversion (Count VI).[1] The Court will address Counts I

---

[1] To the extent any of Tabak's arguments were available but not raised in his previous motions to dismiss, *see* Rule 12(g)(2), the Court will exercise its discretion to treat his motion as a motion for judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B); *He Depu v. Oath Holdings, Inc.*, 531 F. Supp. 3d 219, 236–37 (D.D.C. 2021).

and IV separately and then address Counts V and VI together, as Tabak raises the same argument regarding the last two.

        1.     *Count I: Defense of Trade Secrets Act*

Tabak first argues this count is untimely. The Court disagrees. Under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, an amendment "relates back to the date of the original pleading" if it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." An amended claim does not relate back if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). And an amendment that "attempts to introduce a new legal theory based on facts different from those underlying the timely claims" does not relate back. *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002). But "an amendment offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim may relate back." *Id.*

The plaintiffs' amendment falls into the latter category. Although the Second Amended Complaint raises a Defense of Trade Secrets Act claim for the first time, the underlying facts remain the same. The original complaint alleged trade secret violations, *see* Compl. ¶¶ 99–102, Dkt. 1, which gave Tabak "fair notice of the claims against [him]," *Ciralsky v. CIA*, 355 F.3d 661, 668–70 (D.C. Cir. 2004). Accordingly, this count relates back to the original complaint and is timely.

Next, Tabak claims he co-owned all the trade secrets and, as co-owner, could not have violated the statute. Mot. to Dismiss ¶ 43. This is incorrect. Tabak misreads the D.C. Uniform Partnership Act to conclude that, as a member of the partnership, he owned all the trade secrets. The opposite is true. Property acquired by a partnership is property of the partnership, not of the

individuals making up the partnership. D.C. Code § 29—602.03. An individual partner cannot use partnership property for his own benefit, but "only on behalf of the partnership." *Id.* § 29—604.01(j). The complaint alleges that Tabak used the trade secrets for his "own benefit." Sec. Am. Compl. ¶ 194, Dkt. 145. Thus, it plausibly alleges that Tabak misappropriated the partnerships' property—not his own.[2]

Tabak asserts that even if he did not own the trade secrets, he did not violate the Act because he never disclosed the databases.[3] Mot. to Dismiss ¶¶ 48, 50. But disclosure is only one way to violate the Act. Misappropriation also includes improper "use" of a trade secret. 18 U.S.C. § 1839(5)(B). The complaint plausibly alleges that Tabak knowingly used the databases without permission "for Tabak's own benefit." Sec. Am. Compl. ¶ 194. As alleged, Tabak's actions plausibly constitute misappropriation.

Finally, Tabak argues that dismissal is warranted because he had express or implied permission to use any trade secrets. Mot. to Dismiss ¶ 51. Tabak's theory rests on a May 25, 2018, email that Feinson sent to him after the relationship had broken down. In that email, Feinson urged Tabak to return the websites, stating "You have [to] the end of the month to reverse course." Sec. Am. Compl. ¶ 113. According to Tabak, this meant that the plaintiffs had "extended the status quo" to allow him to use the websites until the end of May. Mot. to Dismiss ¶ 58. The Court disagrees. The plaintiffs allege that on May 18th, Tabak "locked Feinson out of the Google AdSense account and diverted incoming funds to his personal Ally bank account." Sec. Am.

---

[2] The Court need not decide whether Feinson individually owned the copyrighted material or whether it became the partnerships' property, because both entities are plaintiffs in this case. *See* Opp'n at 1, Dkt. 152. It will assume without deciding that the property belonged to the partnership.

[3] Tabak also points out that the website itself and the plaintiffs' books are not trade secrets because they are publicly available. The Court does not address this argument because the plaintiffs do not allege that either is a trade secret.

Compl. ¶ 107.  In other words, Tabak had already begun using the trade secrets and websites for his own personal benefit at the expense of the partnership.  As alleged, Tabak was essentially holding the partnerships' property hostage to benefit himself.   Drawing reasonable inferences in favor of the plaintiffs, Feinson's email therefore did not grant permission, but rather only responded to a pre-existing situation that put the plaintiffs under duress.  After all, if Tabak was twisting Feinson's arm and Feinson told him, "You have a minute to stop or I'm calling for help," that would not constitute permission to keep twisting for the next 59 seconds.  The plaintiffs have properly stated a claim.

    2. *Count IV: Copyright Infringement*

  Tabak once again argues that he could not have violated plaintiffs' copyright because as a member of the partnership, he co-owned the copyright.  Mot. to Dismiss ¶¶ 62–63.  And Tabak again claims that he had express or implied consent.  The Court has already rejected these arguments.  *See supra*.  Finally, Tabak asserts that the plaintiffs cannot bring a copyright claim for the websites, because the websites' copyrights were not registered.  Mot. to Dismiss ¶ 66.  But the plaintiffs disclaim any copyright claim relying on the websites themselves, and instead allege only copyright violations for the underlying copyrighted material.  Opp'n at 17.  Tabak does not dispute that the underlying books have registered copyrights.  *See* Sec. Am. Compl. ¶¶ 54, 222–24.  Thus, the plaintiffs state a claim for copyright infringement.

    3. *Counts V, VI: Tortious Interference & Conversion*

  Tabak opposes these counts on the grounds that he had express or implied permission to use the websites.  Mot. to Dismiss ¶¶ 70, 77.  The Court has already rejected this argument, and Tabak raises no other argument in support of dismissal.  The plaintiffs' tortious interference with economic advantage and conversion claims survive.

Because the plaintiffs' federal law claims survive, the Court need not address Tabak's arguments regarding diversity jurisdiction.

**B.      Motion for Sanctions**

The plaintiffs ask the Court to impose sanctions on Tabak for "repeating his baseless arguments for dismissal." Opp'n at 29; see Fed. R. Civ. P. 11(b)(1)–(2). "Courts do not impose Rule 11 sanctions lightly; such sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings." *Jordan v. Dep't of Labor*, 273 F. Supp. 3d 214, 241 (D.D.C. 2017). Although the plaintiffs have repeatedly argued that Tabak's arguments are "weak and unsupported," Opp'n at 29, the Court does not agree that they so lack merit as to "frustrate judicial proceedings," *Jordan*, 273 F. Supp. at 241. In addition, the plaintiffs fail to specifically identify which of Tabak's arguments they believe have no basis in law or fact. The Court has evaluated Tabak's arguments on the merits and does not find that they were made in bad faith. Therefore, sanctions are not warranted here.

Accordingly, it is

ORDERED that the defendant's Motion to Dismiss is DENIED. It is further

ORDERED that the plaintiffs' Motion for Sanctions is DENIED. It is further

ORDERED that the defendant shall answer the Second Amended Complaint on or before March 10, 2025.

So Ordered.

February 10, 2025

DABNEY L. FRIEDRICH
United States District Judge